# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 31, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| ALEXIS GARNER, on behalf of K.G., | * | |
| | * | No. 17-1166V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Damages; Proffer; Table Injury; |
| AND HUMAN SERVICES, | * | Varicella Vaccine; Disseminated Varicella |
| | * | Vaccine-Strain Viral Disease. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | | |

John P. Valente, III, The Valente Law Group, Crofton, MD, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On August 27, 2017, Alexis Garner, on behalf of K.G. ("petitioner") filed a petition for compensation ("Petition") under the National Vaccine Injury Compensation Program ("the Program").[2] Petition (ECF No. 1). Petitioner alleged that her minor child K.G. received a varicella vaccination on May 18, 2015, and as a result, K.G. suffered from "two strokes and hemiparalysis." *Id.* at 1. On February 20, 2018, respondent filed a report pursuant to Vaccine Rule 4(c) stating that petitioner's claim was appropriate for compensation. Respondent's Report ("Resp. Rpt.") (ECF No. 17) at 1. Specifically, respondent agreed that K.G.'s alleged injury is consistent with disseminated varicella vaccine-strain disease, there are no other identified causes, and she suffered the sequelae of this injury for more than six months. *Id.* Accordingly, on March 5, 2019, I issued a ruling that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 18). The case moved to the damages phase.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On July 31, 2019, respondent filed a proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 53). The proffer is attached hereto as Appendix A.

**Consistent with the terms of the proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1) **A lump sum payment of $853,237.17**, *representing compensation for lost earnings ($603,435.45), pain and suffering ($235,000.00), and life care expenses for Year One ($14,801.72),* in the form of a check payable to petitioner as guardian(s)/conservator(s) of K.G., for the benefit of K.G.;

2) **A lump sum payment of $31,629.40**, *representing compensation for satisfaction of the State of Maryland Medicaid lien*, payable jointly to petitioner and

    Maryland Department of Health
    Division of Recoveries and Financial Services
    P.O. Box 13045
    Baltimore, MD 21203
    MA # 49-005154-300
    Attn: Raheem King, Recoveries Officer

    Petitioner agrees to endorse this payment to Maryland Department of Health;

3) **A lump sum payment of $70,409.79**, *representing compensation for satisfaction of the Kaiser Mid-Atlantic lien*, payable jointly to petitioner and

    The Rawlings Company LLC
    P.O. Box 2000
    La Grange, KY 40031
    Reference No.: 78461650
    Attn: Steven D. Taylor

    Petitioner agrees to endorse this payment to The Rawlings Company LLC; and

4) **An amount sufficient to purchase the annuity contract**, subject to the conditions described in the proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A in the proffer, paid to the life insurance company from which the annuity will be purchased.

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the proffer and this decision.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ALEXIS GARNER, on behalf of K.G., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 17-1166V |
| ) | Special Master Gowen |
| SECRETARY OF THE DEPARTMENT OF ) | ECF |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

    A.     Life Care Items

The respondent engaged life care planner, Laura E. Fox, MSN, RN, CDDN, CNLCP, and petitioner engaged Cathryn Winslow, BSN, CDMS, CCM, CNLCP, to provide an estimation of K.G.'s future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed February 20, 2018.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for K.G., attached hereto as Tab A.[1]  Respondent proffers that K.G. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

B.    Lost Future Earnings

Respondent proffers that K.G. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for K.G.'s lost earnings is $603,435.45.  Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that K.G. should be awarded $235,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.    Past Unreimbursable Expenses

Petitioner represents that she has not incurred past unreimbursable expenses related to K.G.'s vaccine-related injury.

E.    Maryland Medicaid Lien

Respondent proffers that K.G. should be awarded funds to satisfy a State of Maryland Medicaid lien in the amount of $31,629.40, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Maryland may have against any individual as a result of any Medicaid payments the Maryland Medical Assistance Program has made to or on behalf of K.G. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about May 18, 2015, under Title XIX of the Social Security Act.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the

F. <u>Kaiser Mid-Atlantic Medicaid Lien</u>

Respondent proffers that K.G. should be awarded funds to satisfy a Kaiser Mid-Atlantic Medicaid lien in the amount of $70,409.79, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action Kaiser Mid-Atlantic may have against any individual as a result of any Medicaid payments Kaiser Mid-Atlantic has made to or on behalf of K.G. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about May 18, 2015, under Title XIX of the Social Security Act.

## II. **Form of the Award**

The parties recommend that the compensation provided to K.G. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $853,237.17 representing compensation for lost earnings ($603,435.45), pain and suffering ($235,000.00), and life care expenses for Year One ($14,801.72), in the form of a check payable to petitioner as guardian(s)/conservator(s) of K.G., for the benefit of K.G. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of K.G.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.G., any such payment shall be made to the party or

---

anniversary of the date of judgment.

[2] Should K.G. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.G. upon submission of written documentation of such appointment to the Secretary.

    B. A lump sum payment of $31,629.40, representing compensation for satisfaction of the State of Maryland Medicaid lien, payable jointly to petitioner and

Maryland Department of Health
Division of Recoveries and Financial Services
P.O. Box 13045
Baltimore, MD 21203
MA # 49-005154-300
Attn: Raheem King, Recoveries Officer

Petitioner agrees to endorse this payment to Maryland Department of Health.

    C. A lump sum payment of $70,409.79, representing compensation for satisfaction of the Kaiser Mid-Atlantic lien, payable jointly to petitioner and

The Rawlings Company LLC
P.O. Box 2000
La Grange, KY 40031
Reference No.: 78461650
Attn: Steven D. Taylor

Petitioner agrees to endorse this payment to The Rawlings Company LLC.

    D. An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner as guardian(s)/conservator(s) of the estate of K.G., only so long as K.G. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

        2.      Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as K.G. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of K.G.'s death.

        3.      Guardianship

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of K.G.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.G., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.G. upon submission of written documentation of such appointment to the Secretary.

**III.**    **Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---:|
| A. | Lump sum paid to petitioner as court-appointed guardian(s)/conservator(s) of K.G.'s estate: | **$ 853,237.17** |
| B. | Maryland Medicaid Lien: | **$ 31,629.40** |
| C. | Kaiser Mid-Atlantic Medicaid Lien: | **$ 70,409.79** |
| D. | An amount sufficient to purchase the annuity contract described above in section II. D. | |

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        */s/Darryl R. Wishard*
        DARRYL R. WISHARD
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Telephone: (202) 616-4357

Dated:  July 31, 2019

Appendix A:  Items of Compensation for K.G.

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2019 | Compensation Years 2-5 2020-2023 | Compensation Year 6 2024 | Compensation Year 7 2025 | Compensation Year 8 2026 | Compensation Years 9-11 2027-2029 | Compensation Year 12 2030 | Compensation Year 13 2031 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Insurance Premium | 5% | | M | 2,931.12 | 2,931.12 | 2,931.12 | 2,931.12 | 2,931.12 | 2,931.12 | 2,931.12 | 2,931.12 |
| Insurance MOP | 5% | | | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medicare Supplement | 5% | | M | | | | | | | | |
| Physical Medicine | 5% | * | | | | | | | | | |
| Orthopaedics | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Botox Treatments | 5% | * | | | | | | | | | |
| Psychotherapy | 4% | * | | | | | | | | | |
| Psychological Testing | 4% | | | | | | | 3,150.00 | | | |
| OT | 4% | * | | | | | | | | | |
| OT Eval | 4% | * | | | | | | | | | |
| OT Episodic | 4% | * | | | | | | | | | |
| PT | 4% | * | | | | | | | | | |
| PT Eval | 4% | * | | | | | | | | | |
| PT Episodic | 4% | * | | | | | | | | | |
| MRI Brain | 5% | * | | | | | | | | | |
| Case Management | 4% | | M | 4,860.00 | 3,240.00 | 3,240.00 | 3,240.00 | 3,240.00 | 3,240.00 | 3,240.00 | 3,240.00 |
| Vocational Counseling | 4% | | | | | | | | | | |
| Drivers Ed Evaluation | 4% | | | | | | | | | 500.00 | |
| Drivers Training | 4% | | | | | | | | | 715.00 | |
| Pull Up Diapers | 4% | | | 160.60 | | | | | | | |
| Shower Bench | 4% | | | | | 64.33 | 12.87 | 12.87 | 12.87 | 12.87 | 12.87 |
| Hand Held Shower | 4% | | | | | 27.00 | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 |
| AFO | 4% | * | | | | | | | | | |
| Hand Controls for Vehicle Adapt. | 4% | | | | | | | | | 3,000.00 | 300.00 |
| Handrails | 4% | | | | | | | | | | |
| Lost Future Earnings | | | | 603,435.45 | | | | | | | |
| Pain and Suffering | | | | 235,000.00 | | | | | | | |
| Maryland Medicaid Lien | | | | 31,629.40 | | | | | | | |
| Kaiser Mid-Atlantic Medicaid Lien | | | | 70,409.79 | | | | | | | |
| Annual Totals | | | | 955,276.36 | 13,021.12 | 13,112.45 | 13,039.39 | 16,189.39 | 13,039.39 | 17,254.39 | 13,339.39 |

## Tab A

**Appendix A: Items of Compensation for K.G.**  Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-11 | Compensation Year 12 | Compensation Year 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2019 | 2020-2023 | 2024 | 2025 | 2026 | 2027-2029 | 2030 | 2031 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of K.G., for the benefit of K.G., for lost future earnings ($603,435.45),
pain and suffering ($235,000.00), and Yr 1 life care expenses ($14,801.72): $853,237.17.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the State of Maryland, as reimbursement of the state's Medicaid lien: $31,629.40.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and The Rawlings Company LLC, as reimbursement of the Kaiser Mid-Atlantic Medicaid lien: $70,409.79.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

Appendix A: Items of Compensation for K.G.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 14 | Compensation Years 15-16 | Compensation Year 17 | Compensation Years 18-21 | Compensation Years 22-26 | Compensation Year 27 | Compensation Years 28-36 | Compensation Year 37 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2032 | 2033-2034 | 2035 | 2036-2039 | 2040-2044 | 2045 | 2046-2054 | 2055 |
| Insurance Premium | 5% | | M | 2,931.12 | 2,931.12 | 2,931.12 | 2,931.12 | 2,136.00 | 2,136.00 | 2,136.00 | 2,136.00 |
| Insurance MOP | 5% | | | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medicare Supplement | 5% | | M | | | | | | | | |
| Physical Medicine | 5% | * | | | | | | | | | |
| Orthopaedics | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Botox Treatments | 5% | * | | | | | | | | | |
| Psychotherapy | 4% | * | | | | | | | | | |
| Psychological Testing | 4% | | | | | | | | | | |
| OT | 4% | * | | | | | | | | | |
| OT Eval | 4% | * | | | | | | | | | |
| OT Episodic | 4% | * | | | | | | | | | |
| PT | 4% | * | | | | | | | | | |
| PT Eval | 4% | * | | | | | | | | | |
| PT Episodic | 4% | * | | | | | | | | | |
| MRI Brain | 5% | * | | | | | | | | | |
| Case Management | 4% | | M | 3,240.00 | 3,240.00 | | | | | | |
| Vocational Counseling | 4% | | | 5,000.00 | | | | | | | |
| Drivers Ed Evaluation | 4% | | | | | | | | | | |
| Drivers Training | 4% | | | | | | | | | | |
| Pull Up Diapers | 4% | | | | | | | | | | |
| Shower Bench | 4% | | | 12.87 | 12.87 | 12.87 | 12.87 | 12.87 | 12.87 | 12.87 | 12.87 |
| Hand Held Shower | 4% | | | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 | 5.40 |
| AFO | 4% | * | | | | | | | | | |
| Hand Controls for Vehicle Adapt. | 4% | | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Handrails | 4% | | | | | | 1,000.00 | | 1,000.00 | | 1,000.00 |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Maryland Medicaid Lien | | | | | | | | | | | |
| Kaiser Mid-Atlantic Medicaid Lien | | | | | | | | | | | |
| Annual Totals | | | | 18,339.39 | 13,339.39 | 11,099.39 | 10,099.39 | 8,954.27 | 9,954.27 | 8,954.27 | 9,954.27 |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 14 | Compensation Years 15-16 | Compensation Year 17 | Compensation Years 18-21 | Compensation Years 22-26 | Compensation Year 27 | Compensation Years 28-36 | Compensation Year 37 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2032 | 2033-2034 | 2035 | 2036-2039 | 2040-2044 | 2045 | 2046-2054 | 2055 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of K.G., for the benefit of K.G., for lost future earnings ($603,435.45),
pain and suffering ($235,000.00), and Yr 1 life care expenses ($14,801.72): $853,237.17.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the State of Maryland, as reimbursement of the state's Medicaid lien: $31,629.40.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and The Rawlings Company LLC, as reimbursement of the Kaiser Mid-Atlantic Medicaid lien: $70,409.79.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 38-46 2056-2064 | Compensation Year 47 2065 | Compensation Years 48-60 2066-2078 | Compensation Years 61-Life 2079-Life |
|---|---|---|---|---|---|---|---|
| Insurance Premium | 5% |  | M | 2,136.00 | 2,136.00 | 2,136.00 |  |
| Insurance MOP | 5% |  |  | 6,500.00 | 6,500.00 | 6,500.00 |  |
| Medicare Part B Deductible | 5% |  |  |  |  |  | 185.00 |
| Medicare Supplement | 5% |  | M |  |  |  | 1,776.00 |
| Physical Medicine | 5% | * |  |  |  |  |  |
| Orthopaedics | 5% | * |  |  |  |  |  |
| Neurology | 5% | * |  |  |  |  |  |
| Botox Treatments | 5% | * |  |  |  |  |  |
| Psychotherapy | 4% | * |  |  |  |  |  |
| Psychological Testing | 4% |  |  |  |  |  |  |
| OT | 4% | * |  |  |  |  |  |
| OT Eval | 4% | * |  |  |  |  |  |
| OT Episodic | 4% | * |  |  |  |  |  |
| PT | 4% | * |  |  |  |  |  |
| PT Eval | 4% | * |  |  |  |  |  |
| PT Episodic | 4% | * |  |  |  |  |  |
| MRI Brain | 5% | * |  |  |  |  |  |
| Case Management | 4% |  | M |  |  |  |  |
| Vocational Counseling | 4% |  |  |  |  |  |  |
| Drivers Ed Evaluation | 4% |  |  |  |  |  |  |
| Drivers Training | 4% |  |  |  |  |  |  |
| Pull Up Diapers | 4% |  |  |  |  |  |  |
| Shower Bench | 4% |  |  | 12.87 | 12.87 | 12.87 | 12.87 |
| Hand Held Shower | 4% |  |  | 5.40 | 5.40 | 5.40 | 5.40 |
| AFO | 4% | * |  |  |  |  |  |
| Hand Controls for Vehicle Adapt. | 4% |  |  | 300.00 | 300.00 | 300.00 | 300.00 |
| Handrails | 4% |  |  |  | 1,000.00 |  |  |
| Lost Future Earnings |  |  |  |  |  |  |  |
| Pain and Suffering |  |  |  |  |  |  |  |
| Maryland Medicaid Lien |  |  |  |  |  |  |  |
| Kaiser Mid-Atlantic Medicaid Lien |  |  |  |  |  |  |  |
| Annual Totals |  |  |  | 8,954.27 | 9,954.27 | 8,954.27 | 2,279.27 |

**Appendix A: Items of Compensation for K.G.**                                                                 Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 38-46 2056-2064 | Compensation Year 47 2065 | Compensation Years 48-60 2066-2078 | Compensation Years 61-Life 2079-Life |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/
conservators(s) of the estate of K.G., for the benefit of K.G., for lost future earnings ($603,435.45),
pain and suffering ($235,000.00), and Yr 1 life care expenses ($14,801.72): $853,237.17.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the State of Maryland, as reimbursement of the state's Medicaid lien: $31,629.40.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and The Rawlings Company LLC, as reimbursement of the Kaiser Mid-Atlantic Medicaid lien: $70,409.79.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.