# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 26, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| ALEXIS GARNER *on behalf of* K.G., * | UNPUBLISHED |
| * | |
| Petitioner, * | No. 17-1166V |
| * | Special Master Gowen |
| v. * | |
| * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

<u>John P. Valente, III</u>, The Valente Law Group, Crofton, MD, for Petitioner.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 21, 2020, Alexis Garner ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 59). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$57,746.14**.

I.   **Procedural History**

On August 29, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program on behalf of her minor child, K.G.[2] Petitioner alleged that K.G. received a varicella vaccination on May 18, 2015, and as a result, K.G. suffered from "two strokes and hemiparalysis". *See* Petition at 1 (ECF No. 1). On July 31, 2019, the parties filed a proffer, which I adopted as my Decision awarding compensation on the same day. ECF No. 54.

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On January 21, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $70,893.63, representing $60,195.80 in attorneys' fees and $10,697.83 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. (ECF No. 62). Respondent reacted to the fees motion on January 21, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 37). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel: for Mr. John Valente, III, $400.00 per hour for all work performed, from 2015-2020, and for Mr. Benjamin Rupert, $300.00 per hour for all work performed, from 2016-2020. Petitioner also requests paralegal rates of $140.00 per hour for all work, from 2016 to 2020. The undersigned finds the requested paralegal rates to be reasonable. However, the attorney rates require a reduction.

Mr. Valente has been practicing law since 1992, giving him approximately 23 years of experience when work on this case commenced in 2015, placing him in the lower end of the 20-30 years of experience in practice range on the Office of Special Masters Attorneys' Forum Hourly rate Fee Schedule for 2015-2016.[3] Additionally, this appears to be Mr. Valente's second case in the Vaccine Program, and first in over a decade, meaning he has limited experience within the Vaccine Program. Based upon these factors and others, I would expect an attorney of Mr. Valente's credentials to be awarded a rate in the lower end of this range. In subsequent years since 2015, Mr. Valente has accumulated more overall legal experience to push him higher up in the 20-30 years range, but his Vaccine Program experience has remained minimal, limiting his reasonable hourly rates. Upon consideration of all the relevant factors, I find the following hourly rates for Mr.

---

[3] The Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Valente's work to be appropriate in this case: $360.00 per hour for work performed in 2015 and 2016, $370.00 per hour for work performed in 2017, $380.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, and $400.00 per hour for work performed in 2020.

I will turn next to the rates requested for Mr. Rupert. Mr. Rupert has been licensed to practice law since 2009, giving him approximately seven years of experience when he began working on this case in 2016. There is no indication that Mr. Rupert has any prior vaccine program experience. Mr. Rupert's requested hourly rate of $300.00 per hour in 2016 is excessive because, per the Fee Schedule for 2015-2016, it represents the maximum amount an attorney with seven years of experience would be awarded, and in my experience an attorney commanding that rate would have significant Vaccine Program-specific experience. Upon consideration of all the relevant factors, I find the following hourly rates to be reasonable for Mr. Rupert's work: $265.00 per hour for work performed in 2016, $281.00 per hour for work performed in 2017, and $291.00 per hour for work performed in 2018. Mr. Rupert's requested rate of $300.00 per hour for 2019 and 2020 is reasonable. Application of these hourly rates results in a reduction of $1,549.00.[4]

Turning next to review of the submitted billing statement, I find that the overall hours billed by Mr. Valente and Mr. Rupert require reduction. First, Mr. Rupert billed a small amount of time on tasks that are more properly classified as paralegal in nature, such as requesting and sending medical records. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Second, an excessive amount of time was spent preparing filings. For example, Mr. Rupert billed 1.5 hours to prepare and file a motion for extension of time on 12/28/18. More concerning is the large amount of time expended preparing the instant motion for attorneys' fees and costs (32 total hours, 28 hours by Mr. Rupert and 4 hours by Mr. Valente for a total of $10,000.00). While I am cognizant that this was counsel's first time filing a motion for attorneys' fees and costs in the Vaccine Program in more than a decade, necessitating time spent preparing evidence to justify the requested rates, 32 hours is still excessive in my experience.[5] I will therefore credit counsel for 10 hours of work to prepare the instant fees motion. In sum, I find it necessary to reduce the award of attorneys' fees by $7500.00 ($6,875.00 to account for excessive time in preparing the fees motion and $625.00 to account for the other noted issues).

The hours billed by the paralegal, Ms. Brooks, require reduction for several reasons. First, hours were billed on administrative tasks, such as requesting and paying invoices for medical records. Clerical and secretarial tasks should not be billed at all, regardless of who performs them.

---

[4] For Mr. Valente: 2015 and 2016: ($400 per hour requested - $360 per hour awarded) * 6.8 hours = $272.00; 2017: ($400 per hour requested - $370 per hour awarded) * 8.7 hours = $261.00; 2018: ($400 per hour requested - $380 per hour awarded) * 6.2 hours = $124.00; 2019: ($400 per hour requested - $390 per hour awarded) * 13.2 = $132.00

For Mr. Rupert: 2016: ($300 per hour requested - $265 per hour awarded) * 9.3 hours = $325.50; 2017: ($300 per hour requested - $281 per hour awarded) * 9.7 hours = $184.30; 2018: ($300 per hour requested - $291 awarded) * 27.8 = $250.20.

[5] I also note that the instant motion was deficient when filed because it lacked proof of costs incurred and a signed statement by Petitioner pursuant to General Order No. 9.

*See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Second, I note that Ms. Brooks expended an excessive amount of time on many of her tasks. Examples include a total of 3.3 hours on 9/5/17 filing documents, 2.5 hours filing documents 8/26/18, 0.5 hours on 10/4/18 to file a status report, 0.5 hours on 4/21/19 on "received an email from client to include receipts for gas." *See* Fees App. Ex. 1 at 11-13. Ms. Brooks also billed one-third of an hour as the minimum amount of time for any telephone communication and billed her full hourly rate to travel to a hospital to pick up medical records. In sum, the totality of paralegal hours is greatly excessive, necessitating a thirty percent reduction for a total reduction of $3,589.74.

Petitioner is therefore awarded final attorneys' fees of $47,557.06.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $10,697.83. This amount is comprised of acquiring medical records, making photocopies, the Court's filing fee, and work performed by Petitioner's life care planner. Petitioner has provided adequate documentation to support the costs and all appear to be reasonable. The only reduction is for travel time by the life care planner, which was billed at her full hourly rate. The Vaccine Program compensates travel time for counsel and experts at one-half of that individual's typical hourly rate absent any assertion that case work was being performed while traveling. In this case, 5.5 hours were billed for travel time with no indication that work was being performed. (ECF No. 62 Ex. 2 at 4). This necessitates a reduction of $508.75. Petitioner is therefore awarded final costs of $10,189.08.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $60,195.80 |
| (Reduction of Fees) | - ($12,638.74) |
| **Total Attorneys' Fees Awarded** | **$47,557.06** |
| | |
| Attorneys' Costs Requested | $10,697.83 |
| (Reduction of Costs) | - ($508.75) |
| **Total Attorneys' Costs Awarded** | **$10,189.08** |
| | |
| **Total Attorneys' Fees and Costs** | **$57,746.14** |

4

**Accordingly, I award a lump sum in the amount of $57,746.14, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. John Valente, III.**[6]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).